

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2009

# USA v. Michael Stradford

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3251

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Michael Stradford" (2009). *2009 Decisions.* Paper 377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3251
_____

UNITED STATES OF AMERICA

v.

MICHAEL STRADFORD,
a/k/a Muff

Michael Stradford, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-08-cr-00007-001)
District Judge:  The Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
October 1, 2009

BEFORE: McKEE, CHAGARES, and NYGAARD, <u>Circuit</u> <u>Judges</u>.


(Filed: October 28, 2009)


_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Michael Stradford appeals his sentence of one hundred and eighty eight months imprisonment, which he received for various drug-related offenses. On appeal, Stadford raises numerous arguments challenging the District Court's sentence. We will affirm.

Appellant was charged in a one-count Information with violations of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 — distribution and possession with intent to distribute more than five grams of crack cocaine. Stadford pleaded guilty to the charge. On appeal, Stadford argues, first, that the District Court erred when it did not depart downward under United States Sentencing Guidelines § 4A1.3 because his career offender status overstated his criminal history and under United States Sentencing Guidelines § 5k2.0 because the District Court failed to consider mitigation evidence. Stadford did not move for a departure on these grounds before the District Court, however. If Stadford had moved for the departure and the District Court had exercised its discretion and denied the motion, we would lack jurisdiction to review that decision. *See United States v. Minutoli*, 374 F.3d 236, 240 (3d Cir. 2004). But, unfortunately for Stratford, he did not ask the District Court for a departure. It would be a far stretch to say that the District Court erred for failure to do something it was not requested to do. We simply lack jurisdiction to review the District Court's failure to downward depart *sua sponte*. Jurisdiction only arises if the District Court's refusal to depart downward is premised on the mistaken belief that it lacks discretion to do so.

2

Stradford next argues that his sentence was unreasonable because he was a victim of sentencing entrapment, and it would therefore be unfair to impose the crack cocaine sentencing guidelines. This argument is baseless, however, because Stradford's status as a career offender was the basis for his sentencing calculation.

Stradford also maintains that his sentencing range was substantively unreasonable. A fair reading of the record demonstrates that, in formulating and imposing sentence, the District Court did not abuse its discretion in any respect. The District Court evaluated each of the relevant 18 U.S.C. § 3553(a) factors and imposed sentence at the bottom of the Guidelines range. We therefore reject Stradford's challenge to that sentence. *See Rita v. United States*, 551 U.S. 338 (2007). We also reject Stradford's argument that the District Court failed to consider the conditions of his pre-trial confinement when passing sentence. Here, the District Court acted well within its discretion and imposed a sentence at the lowest end of the Guideline's range. The record conclusively establishes that the District Court struck a reasonable balance between the mitigating factors, Stradford's extensive criminal history, and the need for deterrence. Accordingly, we will affirm Stradford's sentence.